# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL LOWRY,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>METROPOLITAN TRANSIT SYSTEM BOARD, et al.,<br><br>　　　　　　　　　Defendant. | Case No. 09cv898 BTM (WVG)<br><br>**ORDER RE MOTIONS TO DISMISS** |

Defendants Metropolitan Transit System (erroneously sued as Metropolitan Transit System Board) ("MTS") and Heritage Security Services (erroneously sued as Heritage Security) ("Heritage") have separately moved to dismiss Plaintiff's First Amended Complaint [Docs. 27, 28]. For the following reasons, the Court **GRANTS in part** and **DENIES in part** MTS's motion [Doc. 27] and **DENIES** Heritage's motion [Doc. 28].

## I. BACKGROUND

Plaintiff alleges violations of his constitutional rights and several state-law causes of action based on an alleged altercation he had with security officers at the Old Town Trolly Station in San Diego. The Court more thoroughly discussed the facts of this case in an order dated March 8, 2010 [Doc. 23]. That order dismissed several of Plaintiff's claims with leave to amend. Plaintiff has filed a First Amended Complaint. The Court resolves the issues raised in the parties' motions as set forth below.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). But only factual allegations must be accepted as true—not legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1949.

## III. DISCUSSION

### 1. Constitutional Claims

As discussed in the Court's March 8, 2010 order, Plaintiff appears to allege a claim under 42 U.S.C. § 1983.[1] But Defendants MTS and Heritage can only be liable under § 1983 if the violation was the result of either a policy or a failure to train their employees. *See Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

Plaintiff does make allegations related to policies and training, and when construed liberally, he alleges a failure to train. For example, he claims that MTS is "responsible for hiring and contracting with Heritage Security so they have to take most of the blame on training of your security officers which they've violated civil and constitutional rights, . . . there

---

[1] Plaintiff also mentions the Fourteenth Amendment and the Eighth Amendment, but alleges no facts supporting a claim under either.

1  procedures . . . says nothing as far as the training of it's security goes they say nothing on
2  how to handle certain situation with disable persons or regular people . . . ." It appears
3  Plaintiff alleges that MTS's and Heritage's failure to train their security officers "on how to
4  handle certain situation with disable persons or regular people" led to his injuries. Although
5  his allegation is vague, Defendants can seek clarity through interrogatories or other discovery
6  mechanisms.

7  The Court therefore **DENIES** MTS's and Heritage's motions to dismiss the
8  constitutional claims against them.

9  Plaintiff also alleges a "de facto government civil conspiracy to violate civil rights."
10 This claim is unintelligible, devoid of facts, and the Court dismisses it.

11 The § 1983 claims against MTS, Heritage, and Torrence Joseph, who has not yet
12 been served, are still viable. The Court exercises supplemental jurisdiction over the related
13 state-law claims on this basis. *See* 28 U.S.C. § 1367(a).

### 2.  State-Law Claims Against MTS

Plaintiff again fails to show compliance with the California Government Claims Act ("CGCA"). Under the CGCA, a Plaintiff must first present a written claim to a public entity and wait for the board to act upon it before bringing a claim for money or damages against that public entity. Cal. Gov. Code § 945.4. A plaintiff's failure to plead compliance with this requirement of the CGCA is cause for dismissal. *See Karim-Panahi*, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff already had a chance to cure this deficiency and he did not. All of Plaintiff's state-law claims against MTS are **DISMISSED with prejudice** for failure to allege compliance with the CGCA. *Chappel*, 232 F.3d at 725–26.

### 3.  State-Law Claims Against Heritage

The First Amended Complaint alleges state claims for assault and battery, false imprisonment, and false arrest.

### A. Assault and Battery

The Court has already established that Plaintiff has pled a claim for assault. But Heritage now argues that it is not liable because Plaintiff has not alleged that it employs Torrence Joseph, the man who allegedly assaulted Plaintiff.

Plaintiff alleges that "Heritage Security guards caused more damage" and references a rib injury and internal bleeding. He also generally alleges that Defendant Joseph committed assault and battery against him. Joseph is allegedly "a private security officer[] and/or de facto government agent working for the MTS." (First Amended Complaint, 5:24–26.) Construing liberally the allegation that Joseph is a private security officer, the Court infers that he is an employee of Heritage, and further finds that Plaintiff adequately alleged claims for assault and battery. Heritage, therefore, may be liable for the alleged torts of its employees through the doctrine of respondeat superior. *Baptist v. Robinson*, 143 Cal. App. 4th 151, 160 (2006). Accordingly, the Court **DENIES** Heritage's Motion to Dismiss the assault and battery claim.

### B. False Imprisonment

To establish a civil claim for false imprisonment, a plaintiff must allege "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Easton v. Sutter Coast Hospital*, 80 Cal. App. 4th 485, 496 (2000).

Construed liberally, Plaintiff has stated a claim for false imprisonment. He asserts that Joseph and others, who the Court infers are Heritage employees, arrested him without justification. The Court can reasonably infer that Plaintiff did not consent to the confinement and that it was for an appreciable period of time, however brief.

Accordingly, the Court **DENIES** Heritage's Motion to Dismiss the false imprisonment claim.

//
//

### C. False Arrest

Plaintiff appears to allege a claim for false arrest. But false arrest and false imprisonment are not separate torts. Rather, false arrest is simply one form of false imprisonment. *Cummings v. Farmers Ins. Exch.*, 202 Cal. App. 3d 1407, 1422 (1988). The Court treats these allegations as one claim.

**4.   Motion for More Definite Statement**

MTS and Heritage have also moved for a more definite statement. The Court **DENIES** those motions, as Plaintiff's surviving state-law claims are not "so vague or ambiguous that [they] cannot prepare a response." Fed. R. Civ. P. 12(e). The factual allegations supporting his state-law claims are reasonably specific and detailed, and give MTS and Heritage sufficient notice of the nature of Plaintiff's claims.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** MTS's motion to dismiss [Doc. 27]. The § 1983 claim remains, but all the state-law claims against MTS are **DISMISSED.** The Court **DENIES** Heritage's motion to dismiss in its entirety [Doc. 28]. MTS's and Heritage's motions for a more definite statement are also **DENIED.**

The Court will not entertain any more amendments to these claims at this time. The case will proceed. MTS and Heritage must file their answers within ten days of the filing of this order.

**IT IS SO ORDERED.**

DATED:  June 8, 2010

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge