UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL LOWRY;<br><br>   Plaintiff,<br><br>   v.<br><br>HERITAGE SECURITY, *et al.*,<br><br>   Defendants.<br>─────────────────────────────<br>   AND RELATED CASES.<br>───────────────────────────── | Civil Nos. 09-CV-882-BTM(WVG)<br>         09-CV-898-BTM(WVG)<br>         09-CV-1141-BTM(WVG)<br><br>ORDER FOLLOWING DISCOVERY<br>HEARING |

A discovery hearing was held on the record on March 25, 2011, at 2:00 p.m. Plaintiff *in pro per* appeared in person. Counsel for Defendants appeared telephonically as allowed by the Court's previous Order.

**I.   Orders Following Discovery Conference**

The purpose of the discovery hearing was to referee a discovery dispute in which Defendants sought to compel answers to some of their written interrogatories. Upon considering the interrogatories and Plaintiff's three sets of responses, and for good cause shown at the hearing, Plaintiff is ORDERED to respond to the following interrogatories by April 1, 2011: Special Interroga-

tory Nos. 14 and 18 in the 09-CV-898-BTM(WVG) case and Special Interrogatory No. 4 in the 11-CV-1141-BTM(WVG) case. Plaintiff was provided direction on how to respond to these interrogatories during the hearing before the Court.

**II.     Orders Regarding Plaintiff's Behavior**

In the process of refereeing the discovery dispute, it came to light that Plaintiff <u>continues</u> to engage in the type of obstreperous and harassing conduct towards defense counsel that he has exhibited, and indeed been warned about by the Court, in the past. This conduct manifests itself in multiple forms, which the Court detailed in the hearing and some of which the Court further highlights below.

First, Plaintiff's behavior manifests itself in flippant, argumentative responses to discovery requests. Defendants submitted Plaintiff's original discovery responses along with two supplemental responses after Defendants' meet and confer letters. All three sets of responses demonstrate that Plaintiff not only failed to meaningfully respond to certain interrogatories, but he also used each set of responses as a forum to direct argumentative and personal comments to defense counsel. Some choice representative examples include:[1]

- Find the phone numbers yourself-lawyers

- You will see both papers from U.C.S.D. and Scripps Hospital . . . you better come with an offer before the 15th of March or if I have to wait until July 27th at 2:00pm it doubles, if we go to trial it triples, and if you are really as dumb as I think you are and appeal it quadruples and I can and will do it just try me.

---

[1] In the interest of avoiding the continuous use of "[sic]," the Court notes at the outset that these examples are direct quotes and appear as written.

- Look at U.C.S.D. paper that I sent to you it will tell everything and if you notice at the top of the paper BTM [J]udge Moskowitz has a copy of this to that why if your stupid enough to go to trial I'm going to hammer you under 1983.

- What I'm sending back to you and also a copy to both Judges for Which Metropolitan Transit has failed to do anything at all, so here what going to come of this I'm filing a motion to compel in which they have not sent me anything at all, and they think this is going away, wrong this is what's about to happen to Metropolitan Transit Attorney thinks that I'm going to play there game in which I don't. I'm going to cheat just like you do even better.

- This is all your getting from me move on I don't have to give you anything else unless you ask for a deposition in person in which your not going to get, just tell owner of heritage security to give it up or I going to take his company.

Second, Plaintiff's behavior manifests itself in aggressive, confrontational, and at times threatening interactions with defense counsel. For example, it further came to light that Plaintiff continues to leave quasi-threatening, profanity-laced telephone messages for defense counsel in a transparent attempt to intimidate counsel and unnecessarily complicate the litigation process. The Court has been aware of Plaintiff's behavior for some time and has previously warned him about his behavior.[2] Yet he persists. As just <u>one</u> example of Plaintiff's unacceptable behavior, counsel submitted the following transcribed telephone message left by Plaintiff on March 16, 2011:

---

[2] The Court has also warned Plaintiff against *ex parte* communications with the Court, yet Plaintiff has continued to leave rambling voicemail messages for the Court on at least five separate occasions since he was warned against doing so on January 6, 2011. Although parties may contact the Court *ex parte* for administrative reasons such as obtaining motion hearing dates, Plaintiff's telephone calls are of a markedly different nature. He chooses to leave long messages regarding his assessment of his cases and his future case strategy. He often does not request anything besides a return call, at which time he again repeats the content of his messages. He does so after court hours, sometimes in the middle of the night, on weekends, or Court holidays, sometimes leaving follow-up messages demanding a return call when the Court has not had the opportunity to even listen to the original message. Not once has Plaintiff contacted the Court for an appropriate purpose. Plaintiff is on notice that the Court will not return his messages in the future unless they are <u>appropriate</u> *ex parte* communications.

> Hey Sam Sherman. How dumb do you think I am? Man you're stupid, do you know what? Okay, now I want to see all the citations I signed. There was only one. So like I say, and one I didn't sign, and I never did sign it, because it started with a J, which was Jerrod Gresset forged my signature, so I didn't sign nothing. So you know what, here's the deal, I'm gonna fuck you just for that man. You're through, okay? Your season is over with man, I'm telling you. This is fun. I love this shit. Oh man, this is great. You're an idiot man, but it's gonna be fun. I'm gonna fuck you for this. I'm going to the library right now and type this shit up, ask for a motion for summary judgment, and I'm gonna demand [word emphasized] that the judge give me that summary judgment.[3/] Therefore, I take over the company. Fuck you and the horse you rode in on, okay. Later.

At the discovery hearing, the Court read this transcribed message into the record, and Plaintiff confirmed that he indeed had left the message for defense counsel. Such communication is utterly devoid of any discernable productive purpose and is clearly intended to harass the other side. For example, Plaintiff never identified any dispute he genuinely wanted resolved or sought to schedule anything. The Court <u>again</u> warned Plaintiff against such behavior in the future and again does so now. Again, the foregoing is just one example of the type of behavior Plaintiff has consistently exhibited, but which the Court documents in writing for the first time now.

Plaintiff's consistently aggressive behavior has made counsel's preparation of Defendants' defense exponentially more challenging. Yet, artificially-constructed challenges that result from such behavior have no place in the litigation process. Challenges in the litigation should flow from the complexity of the case or from the back and forth between legitimate legal strategy, not an opposing party's intentionally uncivil behavior. **Plaintiff**

---

3  While it is of no import to this Order, the Court wishes to disabuse Plaintiff of the notion that he may <u>demand</u> <u>anything</u> from this Court or any other court.

**is hereby ORDERED to immediately cease and desist all threatening behavior and foul, abusive, or assaultive language towards defense counsel.  The Court further ORDERS that <u>all</u> of Plaintiff's future communications with Defendants and their counsel be in written form. Plaintiff may no longer communicate with Defendants or their counsel over the telephone for any reason.**

### III.     Order Regarding Plaintiff's Prosecution of This Case

Moreover, it is becoming increasingly evident that Plaintiff has done little, if anything, to advance his case toward trial or resolution, besides consistently demanding that Defendants pay him millions of dollars.  Because the Court sees little indication that Plaintiff has advanced his <u>three</u> lawsuits, **the Court ORDERS Plaintiff to move his cases forward in an efficient and civil manner.**  The Court issues this Order because, as explained below, Plaintiff should be mindful that the Court retains discretion to manage its already jam-packed docket.

### IV.     The Possibility of Sanctions, Including Dismissal

Plaintiff's *pro se* status does not insulate him from sanctions where sanctions are warranted.  <u>See</u> <u>Cook v. Peter Kiewit Sons Co.</u>, 775 F.2d 1030, 1037 n.13 (9th Cir. 1985).  Therefore, in addition to the verbal admonishments the Court made to Plaintiff on the record, the Court hereby further places Plaintiff on written notice that sanctions, **including dismissal of his lawsuit**, may be imposed for a failure to prosecute this action,[4] coupled with obstreperous, dilatory, threatening, abusive, or uncivil behavior, which conduct will constitute a direct violation of this Court's

---

4  "Prosecute" means "to follow up or carry forward something undertaken or begun, usually to its completion." http://dictionary.reference.com/browse/prosecute.  Plaintiff must move this case forward.

1  Order to behave in a civil manner.  See Fed. R. Civ. P. 41(b); Local
2  Rules 41.1; Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (stating
3  that a court "may act sua sponte to dismiss a suit for failure to
4  prosecute"); Hells Canyon Pres. Council v. U.S. Forest Serv., 403
5  F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss
6  an action pursuant to Federal Rule of Civil Procedure 41(b) *sua*
7  *sponte* for a plaintiff's failure to prosecute or comply with the
8  rules of civil procedure or the court's orders); Ghazali v. Moran,
9  46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a
10 district court's local rules is a proper ground for dismissal.");
11 King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants
12 must follow the same rules of procedure that govern other liti-
13 gants."); Thompson v. Hous. Auth. of City of L.A., 782 F.2d 829, 831
14 (9th Cir. 1986) (per curiam) (stating that district courts have
15 inherent power to control their dockets and may impose sanctions
16 including dismissal).

17     Plaintiff should take the foregoing warning to heart.
18 Plaintiff may not wield a lawsuit--here three lawsuits--as a weapon
19 of harassment.  The Court will not tolerate such behavior or allow
20 itself to be used as a tool in such a campaign. **Therefore, further**
21 **failure to advance and prosecute all three cases, coupled with**
22 **additional behavior that appears designed solely to harass Defen-**
23 **dants or their counsel, and which renders these three cases as**
24 **nothing more than a one-man campaign to make life miserable for**
25 **others without any other purpose, may result in a variety of**
26 **sanctions, such as monetary sanctions up to and <u>including dismissal</u>**
27 **<u>of all three of Plaintiff's cases</u>, which the undersigned may**
28 **recommend to Judge Moskowitz in the future.**

**V.     Conclusion**

All parties shall act in compliance with this Order.

IT IS SO ORDERED.

DATED:  March 25, 2011

                                          Hon. William V. Gallo
                                          U.S. Magistrate Judge